Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Marco G. Lohavanijaya, (OSB No. 254362)
mlohavanijaya@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**RICHARD RIORDAN**,

Plaintiff,

vs.

**LANE COMMUNITY COLLEGE**, by and through the LANE COMMUNITY COLLEGE BOARD OF EDUCATION; **JESSE MALDANADO**, individually and in his official capacity as a Board Member; **KEVIN ALLTUCKER**, individually and in his official capacity as a Board Member; **JULIE WEISMANN**, individually and in her official capacity as a Board Member; **STEVE MITAL**, individually and in his official capacity as a Board Member; **DR. STEPHANIE BULGER**, individually and in her official capacity as President of Lane Community College; **DR. SHELLEY TINKHAM**, individually and in her official capacity as Vice President of Academic Affairs at Lane Community College; **DR. COLMAN JOYCE**, individually and in his official capacity as Vice President of Student Services at Lane Community College; **CARL YEH**, individually and in his official

No. 6:26-cv-01807-MC

**DECLARATION OF LISA RUPP IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

capacity as Dean of Student Engagement at
Lane Community College; **LISA RUPP**,
individually and in her official capacity as
Director of Public Safety & Emergency
Preparedness at Lane Community College ,

Defendants.

I, Lisa Rupp, under penalty of perjury, do hereby declare as follows:

1. I make this Declaration based on personal knowledge, and I am competent to testify to the facts contained herein.
2. I am the Director of Public Safety at Lane Community College ("LCC"). I have worked in public safety at LCC since around 1998.
3. Plaintiff Richard Riordan, Jr. was a student at LCC during the Spring 2026 semester.
4. On April 21, 2026, I received an email from Defendant Steve Mital in which he expressed safety concerns regarding Plaintiff's angry and threatening conduct at the March 2026 Board meeting and subsequent emails to Board members, to myself, and other members of the Board of Directors.
5. A true and correct copy of Defendant Mital's email is attached hereto as ***Exhibit 1***.
6. On or around April 23, 2026, the LCC Threat Assessment Team ("TAT") began monitoring the behavior of Plaintiff for continued threatening conduct.
7. On May 4, 2026, I filed an incident report regarding an incident involving Plaintiff and Defendant Shelley Tinkham. I filed this report to document the incident at Defendant Tinkham's request, as she herself was not comfortable doing so. While Defendant Tinkham was getting coffee with a fellow LCC administrator on campus, Plaintiff approached and accosted her in a manner by which she reportedly felt intimidated, and which unnerved her and made her feel unsafe.
8. A true and correct copy of the May 4, 2026, incident report is attached hereto as ***Exhibit 2***.

9. In response to Plaintiff's repeated threatening behaviors both at and outside of Board meetings, Defendant Carl Yeh organized a Zoom meeting with Plaintiff on May 5, 2026. I was asked to attend as well and did so.
10. At this meeting, Plaintiff was specifically asked by Defendant Yeh to make appointments if he wished to speak with administrators, rather than approaching them directly.
11. As part of the incident reporting process, beginning on or around June 8, 2026, I conducted interviews of several individuals, including Board members, regarding their interactions with Plaintiff, which are attached to the official crime report that was filed on June 24, 2026.
12. A true and correct copy of the official crime report and interview summaries is attached hereto as ***Exhibit 3***.
13. On May 12, 2026, I received a formal incident report regarding Plaintiff from Beccah Maley, and LCC employee, as well as two students from the Student Life Office at LCC.
14. In this report, Ms. Maley and the two students indicated that they had been approached by Plaintiff at the Student Life Office, where Plaintiff engaged them in conversation. The substance of these conversations included many troubling statements regarding Board members, including comparing college leadership concerns to situations such as the Peterloo Massacre. The substance of these conversations included many troubling statements regarding Board members, including comparing college leadership concerns to situations such as the Peterloo Massacre. Based on these conversations, the students felt concerned about Plaintiff's apparent fixation on these Board members and administration-related topics.
15. A true and correct copy of the formal incident report filed by Beccah Maley on May 12, 2026, is attached hereto as ***Exhibit 4***.
16. On May 18, 2026, Plaintiff sent, via email, a letter to the Board that included personal attacks against several board members, namely Defendant Alltucker. This email was forwarded to me by an LCC employee who monitors the Board of Education Comment email address on May 27, 2026.
17. A true and correct copy of the May 18, 2026, letter and email is attached hereto as ***Exhibit 5***.

18. On June 24, 2026, Defendant Alltucker sent an email to myself and Defendant Stephanie Bulger in which he expressed concerns over the highly personal attacks on both Defendant Alltucker and his wife contained within Plaintiff's May 18, 2026, letter.
19. A true and correct copy of Defendant Alltucker's June 24, 2026, email is attached hereto as ***Exhibit 6***.
20. In response to the host of harassment incident reports described above, as well as Plaintiff's continued threatening actions and failure to de-escalate such actions even after the May 5, 2026, meeting with Defendants Yeh and myself, LCC elected to issue a trespass order to Plaintiff on June 25, 2026.
21. The trespass order did not in any way prevent Plaintiff from continuing to participate in Board meetings remotely.
22. On June 29, 2026, Plaintiff requested a Zoom link to the July 1, 2026, Board meeting. That link was provided to him on June 29, 2026. I was forwarded a copy of this confirmation email by an LCC employee who monitors the Board of Education Comment email address on September 14, 2026. Plaintiff was confirmed as having signed up for the July 1, 2026, Board meeting.
23. A true and correct copy of the email confirming provision of the July 1, 2026, Board meeting attendance link is attached hereto as ***Exhibit*** *7*.
24. On June 2, 2026, Ms. Maley and the same two students from Paragraph 14 submitted another formal incident report regarding Plaintiff's behavior and conduct, which was filed on June 3, 2026.
25. In this report, Ms. Maley reported receiving an email from the two students in which they expressed concerns about the language and content of emails they had received from Plaintiff. In the emails in question, Plaintiff uses violently charged language, including references to a "drive by shooting." Ms. Maley expressed her concerns regarding the frequency of these reports from students, and about the language used by Plaintiff and the time and energy he is putting into these documents. She also expressed concerns about the effects on the other students, as she believed it was interfering with their ability to focus on their own studies.
26. A true and correct copy of this June 3, 2026, formal incident report is attached hereto as ***Exhibit 8***.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

_*/s/ Lisa Rupp*______ ___9/14/2026_____
Lisa Rupp Date

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DECLARATION OF LISA RUPP IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** on the date indicated below,

☐ Via First-Class Mail with postage prepaid
☐ Via Facsimile Transmission
☒ Via Electronic Filing Notice
☒ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Kevin Brague, OSB No. 050428
The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
P: 503.922.2243
kevin@braguelawfirm.com
Of Attorneys for Plaintiff

DATED September 15, 2026.

GARRETT HEMANN ROBERTSON P.C.

*s/ Jennifer M. Gaddis*

Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Marco G. Lohavanijaya, (OSB No. 254362)
mlohavanijaya@ghrlawyers.com
Of Attorneys for Defendants