Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**RICHARD RIORDAN**,

Plaintiff,

vs.

**LANE COMMUNITY COLLEGE**, by and through the LANE COMMUNITY COLLEGE BOARD OF EDUCATION; **JESSE MALDANADO**, individually and in his official capacity as a Board Member; **KEVIN ALLTUCKER**, individually and in his official capacity as a Board Member; **JULIE WEISMANN**, individually and in her official capacity as a Board Member; **STEVE MITAL**, individually and in his official capacity as a Board Member; **DR. STEPHANIE BULGER**, individually and in her official capacity as President of Lane Community College; **DR. SHELLEY TINKHAM**, individually and in her official capacity as Vice President of Academic Affairs at Lane Community College; **DR. COLMAN JOYCE**, individually and in his official capacity as Vice President of Student Services at Lane Community College; **CARL YEH**, individually and in his official capacity as Dean of Student Engagement at Lane Community College; **LISA RUPP**, individually and in her official capacity as

No. 6:26-cv-01807-MC

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

DEMAND FOR JURY TRIAL

Director of Public Safety & Emergency
Preparedness at Lane Community College ,

Defendants.

Defendants Lane Community College ("LCC"), Jesse Maldanado ("Defendant Maldanado"), Kevin Alltucker ("Defendant Alltucker"), Julie Weismann ("Defendant Weismann"), Steve Mital ("Defendant Mital"), Dr. Stephanie Bulger ("Defendant Bulger"), Dr. Shelley Tinkham ("Defendant Tinkham"), Dr. Colman Joyce ("Defendant Joyce"), Carl Yeh ("Defendant Yeh"), and Lisa Rupp ("Defendant Rupp"), (collectively "Defendants") answer Plaintiff's Complaint as follows:

## I. INTRODUCTION

1.

Paragraph 1 is Plaintiff's summary of his allegations and does not require a require a response from Defendants. Defendants deny they engaged in unlawful conduct and deny that Plaintiff is entitled to the relief requested. To the extent there are remaining factual allegations in paragraph 1, Defendants deny the same.

## II. JURISDICTION AND VENUE

2.

Paragraph 2 is Plaintiff's statement of jurisdiction and does not require a require a response from Defendants. Defendants do not contest jurisdiction in this matter.

3.

Paragraph 3 is Plaintiff's statement of venue and does not require a require a response from Defendants. Defendants do not contest jurisdiction in this matter.

## III. PARTIES

4.

Paragraph 4 does not contain allegations against Defendants and does not require a require a response from Defendants. To the extent there are factual allegations against Defendants in paragraph 4, Defendants deny the same.

5.

Defendants admit that LCC is governed by elected members of its Board of Education, and managed by its officers, employees, and agents. The remaining allegations in paragraph 5 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 5, Defendants deny the same.

6.

Defendants admit that Jesse Maldanado is an LCC Board Member. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 6 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 6, Defendants deny the same.

7.

Defendants admit that Kevin Alltucker is an LCC Board Member. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 7 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 7, Defendants deny the same.

8.

Defendants admit that Julie Weismann is an LCC Board Member. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 8 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 8, Defendants deny the same.

9.

Defendants admit that Steve Mital is an LCC Board Member. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 9 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 9, Defendants deny the same.

10.

Defendants admit that Dr. Stephanie Bulger is LCC President. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 10 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 10, Defendants deny the same.

11.

Defendants admit that Dr. Shelly Tinkham is LCC Vice President of Academic Affairs. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 11 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 11, Defendants deny the same.

12.

Defendants admit that Dr. Colman Joyce is LCC Vice President of Student Services. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 12 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 12, Defendants deny the same.

13.

Defendants admit that Carl Yeh is LCC Dean of Student Engagement. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 13 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 13, Defendants deny the same.

14.

Defendants admit that Lisa Rupp is the Director of Public Safety at LCC. Defendants deny that they deprived Plaintiff of his constitutional rights. The remaining allegations in paragraph 14 are legal conclusions, to which no response from Defendants is required. To the extent there are remaining factual allegations in paragraph 14, Defendants deny the same.

## IV. STATEMENT OF FACTS

15.

Defendants admit that Plaintiff enrolled as an LCC student in 2023 and took classes at LCC up and until his Spring term 2026. Defendants have insufficient information to confirm or deny the remaining allegations in paragraph 15 and therefore deny the same.

16.

Defendants admit that LCC has adopted policies related to students, its Board, and operations. Defendants admit that those policies speak for themselves. To the extent Plaintiff's representation of those policies is inconsistent with the policies, Defendants deny the same.

17.

Defendants have insufficient information to confirm or deny the allegations in paragraph 17 and therefore deny the same.

18.

Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

19.

Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

20.

Defendants admit that Plaintiff emailed Dr. Tinkham on April 17, 2026 and that the email speaks for itself. To the extent Plaintiff's representation of the email is inconsistent with the recordings, Defendants deny the same.

21.

Defendants admit that Plaintiff emailed all Board members and Dr. Bulger on April 20, 2026 and that the email speaks for itself. To the extent Plaintiff's representation of the email is inconsistent with the recordings, Defendants deny the same.

22.

Defendants admit that Plaintiff publicly commented at the April 22, 2026 Board meeting. Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

23.

Defendants have insufficient information to confirm or deny the allegations in paragraph 23 and therefore deny the same.

24.

Defendants have insufficient information to confirm or deny the allegations in paragraph 24 and therefore deny the same.

25.

Defendants have insufficient information to confirm or deny the allegations in paragraph 25 and therefore deny the same.

26.

Defendants admit that Mr. Yeh and Ms. Rupp met with Plaintiff via Zoom to request that he make appointments instead of approaching administrators directly. Defendants further admit that this request was made after Plaintiff began harassing and attempting to intimidate Board members and staff. To the extent there are remaining factual allegations against Defendants in paragraph 26, Defendants deny the same.

27.

Defendants deny the allegations in paragraph 27.

28.

Defendants have insufficient information to confirm or deny the allegations in paragraph 28 and therefore deny the same.

29.

Defendants have insufficient information to confirm or deny the allegations in paragraph 29 and therefore deny the same.

30.

Defendants admit that on May 18, 2026, Plaintiff sent a lengthy email to Board members and LCC staff and that the email speaks for itself. Defendants admit that Plaintiff concluded the lengthy email with a meme that included the statement "Some of you may die but it's a sacrifice I'm willing to make." To the extent Plaintiff's representation of that email is inconsistent with the email, Defendants deny the same.

31.

Defendants have insufficient information to confirm or deny the allegations in paragraph 31 and therefore deny the same.

32.

Defendants have insufficient information to confirm or deny the allegations in paragraph 32 and therefore deny the same.

33.

Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

/ / /

34.

Defendants have insufficient information to confirm or deny the allegations in paragraph 34

and therefore deny the same.

35.

Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

36.

Defendants admit that its Board meetings are video recorded and that those recordings speak for themselves. To the extent Plaintiff's representation of those recordings is inconsistent with the recordings, Defendants deny the same.

37.

Defendants admit that on June 17, 2026, Plaintiff emailed Board members and others, and that the email speaks for itself. To the extent Plaintiff's representation of that email is inconsistent with the email, Defendants deny the same.

38.

Defendants admit that on June 25, 2026, Ms. Rupp emailed Riordan a notice of trespass and that the documents speak for themselves. To the extent Plaintiff's representation of those documents is inconsistent with the documents, Defendants deny the same.

39.

Defendants have insufficient information to admit or deny the allegations in paragraph 39 and therefore deny the same.

40.

Defendants admit that the notice speaks for itself. To the extent Plaintiff's representation of the notice is inconsistent with the document, Defendants deny the same.

41.

Defendants deny the allegations in paragraph 41.

42.

Defendants deny the allegations in paragraph 42.

43.

Defendants deny the allegations in paragraph 43.

44.

The allegations in paragraph 44 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

## V. FIRST CLAIM FOR RELIEF

(42 USC § 1983 – First Amendment Retaliation)

Against All Defendants in their Official and individual capacities

45.

Paragraph 45 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

46.

The allegations in paragraph 46 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

47.

Defendants deny the allegations in paragraph 47.

48.

Defendants deny the allegations in paragraph 48.

49.

Defendants deny the allegations in paragraph 49.

/ / /

50.

Defendants deny the allegations in paragraph 50.

51.

The allegation in paragraph 51 is a legal conclusion to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

52.

Defendants deny the allegations in paragraph 52 and deny Plaintiff is entitled to the relief requested.

53.

Defendants deny the allegations in paragraph 53 and deny Plaintiff is entitled to the relief requested.

## VI. SECOND CLAIM FOR RELIEF

(42 USC § 1983 – Procedural and Substantive Due Process)

Against All Defendants in their Official and individual capacities

54.

Paragraph 54 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

55.

The allegations in paragraph 55 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

56.

The allegations in paragraph 56 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

57.

Defendants deny the allegations in paragraph 57.

58.

Defendants deny the allegations in paragraph 58 and deny Plaintiff is entitled to the relief

requested.

59.

The allegations in paragraph 59 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

60.

Defendants deny the allegations in paragraph 60 and deny Plaintiff is entitled to the relief requested.

61.

Defendants deny the allegations in paragraph 61 and deny Plaintiff is entitled to the relief requested.

## VII. THIRD CLAIM FOR RELIEF

62.

Paragraph 62 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

63.

The allegations in paragraph 63 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

64.

Defendants deny the allegations in paragraph 64.

65.

The allegations in paragraph 65 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

/ / /

66.

The allegations in paragraph 66 are legal conclusions to which no response from Defendants

is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

67.

The allegations in paragraph 67 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

68.

The allegations in paragraph 68 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

69.

Defendants deny the allegations in paragraph 69.

70.

Defendants deny the allegations in paragraph 70.

71.

Defendants deny the allegations in paragraph 71 and deny Plaintiff is entitled to the relief requested.

72.

Defendants deny the allegations in paragraph 72 and deny Plaintiff is entitled to the relief requested.

## VIII. FOURTH CLAIM FOR RELIEF

73.

Paragraph 73 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

74.

The allegations in paragraph 74 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

75.

Defendants deny the allegations in paragraph 75.

76.

Defendants deny the allegations in paragraph 76.

77.

The allegations in paragraph 77 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

78.

Defendants deny the allegations in paragraph 78 and deny Plaintiff is entitled to the relief requested.

79.

Defendants deny the allegations in paragraph 79 and deny Plaintiff is entitled to the relief requested.

## IX. FIFTH CLAIM FOR RELIEF

80.

Paragraph 80 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

81.

Defendants deny the allegations in paragraph 81.

82.

Defendants admit that Plaintiff was enrolled in LCC in Spring 2026. Defendants deny any remaining allegations in paragraph 82.

83.

The allegations in paragraph 83 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

84.

Defendants deny the allegations in paragraph 84 and each of its discrete subparts.

85.

Defendants deny the allegations in paragraph 85 and deny Plaintiff is entitled to the relief requested.

86.

Defendants deny the allegations in paragraph 86 and deny Plaintiff is entitled to the relief requested.

## X. SIXTH CLAIM FOR RELIEF

87.

Paragraph 87 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

88.

The allegations in paragraph 88 are legal conclusions to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

89.

Defendants deny the allegations in paragraph 89 and each of its discrete subparts.

90.

Defendants deny the allegations in paragraph 90 and deny Plaintiff is entitled to the relief requested.

## XI. SEVENTH CLAIM FOR RELIEF

91.

Paragraph 91 is a paragraph of incorporation to which no response from Defendants is required. To the extent there are factual allegations against Defendants, Defendants deny the same.

92.

Defendants deny the allegations in paragraph 92.

93.

Defendants deny the allegations in paragraph 93 and each of its discrete subparts.

94.

Defendants deny the allegations in paragraph 94 and deny Plaintiff is entitled to the relief requested.

95.

To the extent the Complaint makes further factual allegations, Defendants deny the same.

96.

Except as expressly admitted to herein, Defendants deny each and every allegation in the Complaint.

## XII. DEMAND FOR JURY TRIAL

97.

Defendants demand a jury trial.

## XIII. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Qualified Immunity—§1983 Claim).**

98.

Defendants allege that at all times relevant to Plaintiff's Complaint, they were acting in good faith and within their discretion pursuant to the laws and the statutes of the State of Oregon and the United States, and their conduct violated no "clearly established law" statutory or constitutional rights of which a reasonable official would have knowledge.

/ / /

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

99.

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Oregon Tort Claims Act)**

100.

To the extent that Plaintiff has state or common law claims, Defendants assert all provisions of the Oregon Tort Claims Act to such claims, including but not limited to, the provisions requiring timely and proper tort claim notice.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

101.

Some or all of Plaintiff's claims are the result of actions or inactions by Plaintiff and/or others.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

102.

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate any or all of his damages.

/ / /

/ / /

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(ORS 31.725)**

103.

Plaintiff has improperly pleaded punitive damages in his initial complaint in violation of ORS 31.725(2).

**RESERVATION OF AFFIRMATIVE DEFENSES**

104.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, that may become known through the exchange of discovery.

WHEREFORE, Defendants pray for judgment as follows:

(a) That Plaintiff's Complaint be dismissed against Defendants with prejudice;

(b) Defendants be awarded their reasonable costs and disbursements; and

(c) For such other relief as the Court deems just and proper

DATED September 23, 2026.

GARRETT HEMANN ROBERTSON P.C.

*s/ Jennifer M. Gaddis*

Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the date indicated below,

☐ Via First-Class Mail with postage prepaid
☐ Via Facsimile Transmission
☒ Via Electronic Filing Notice
☒ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Kevin Brague, OSB No. 050428
The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
P: 503.922.2243
kevin@braguelawfirm.com
Of Attorneys for Plaintiff

DATED September 23, 2026.

GARRETT HEMANN ROBERTSON P.C.

*s/ Jennifer M. Gaddis*

Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Of Attorneys for Defendants